```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division

BOARD OF TRUSTEES, NATIONAL      )
STABILIZATION AGREEMENT OF       )
SHEET METAL INDUSTRY TRUST       )
FUND, et al.,                    )
     Plaintiffs,                 )
                                 )
          v.                     )  Civil Action No. 1:14cv545
                                 )
MIKE BEVILACQUA                  )
SHEET METAL, INC.,               )
     Defendant.                  )
                                 )
```

REPORT AND RECOMMENDATION

This matter came before the Court on plaintiffs' Motion for Judgment by Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. 7.) When no representative for defendant appeared at the hearing on July 25, 2014, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

### I. INTRODUCTION

**A. Background**

Plaintiffs are the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the

1

International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC") (collectively, "plaintiffs" or "Funds"). SASMI, NPF, ITI, and SMWIASF are herein referenced as the "ERISA Funds," while NEMIC and SMOHIT are the "Non-ERISA Funds." (Compl. ¶ 8.) NPF, ITI, SMWIASF, SMOHIT, and NEMIC area also referenced as the "National Funds." (Id. ¶ 13.) Plaintiffs are employee benefit plans and trust funds established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002.

Defendant is a limited liability company and employer in an industry affecting commerce that does business with the plaintiff Funds. (Id. ¶ 15.) At all times relevant to this action, defendant was a party to collective bargaining agreement ("the labor contract") with Sheet Metal Workers' International Association, Local Union No. 44 ("the Union"). (Id. ¶¶ 15-17; Shaw Decl. ¶ 4 (Dkt. 8-2); Mem. Supp. Mot. Def. J. 2-3.) Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreements") of the ERISA Funds. (Id. ¶ 18.)

Plaintiffs filed this action under §§ 502(g)(2) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. They seek unpaid contributions, interest, liquidated damages, injunctive relief, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Union.

**B. Jurisdiction and Venue**

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 1132 and 1451. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties. 29 U.S.C. § 185(a). The plaintiff Funds bringing this action are administered in this district. (Compl. ¶ 9.)

This Court has personal jurisdiction over defendant pursuant to the decision in Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997).  Defendant does business with plaintiffs that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### C.   Service of Process

On June 3, 2014, plaintiffs' private process server served defendant by delivering a copy of the original Complaint and Summons to Mike Bevilacqua, defendant's registered agent, at 916 Capouse Avenue, Scranton, PA, 18509-2932.  (Dkt. 4.)  Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h) and 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D.   Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  On July 1, 2014, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55.  (Dkt. 6.)  Plaintiffs filed their Motion for Default

Judgment on July 18, 2014. (Dkt. 7.)

## II. FINDINGS

Based on the Complaint, plaintiffs' Motion for Default Judgment and the supporting Memorandum, the Declaration of Walter Shaw, the Declaration of Matthew S. Hagarty, and the documents submitted in proof of damages, the undersigned makes the following findings of fact.

Plaintiffs bring this action under §§ 502(g)(2) and 515 of ERISA and under § 301 of the LMRA. (Compl. ¶ 1; Mot. Default J. ¶ 7.) Defendant owes plaintiffs certain obligations pursuant to the terms of the labor contract, the Trust Agreements, and the Rules and Regulations for the Funds. (Compl. ¶¶ 17-24.) The Sheet Metal Workers' International Association Local Union No. 44 approved the labor contract on plaintiffs' behalf. (Shaw Decl. ¶¶ 3-4.)

The labor contract, Trust Agreements, and Rules and Regulations adopted by the Funds require defendant to submit monthly contributions to plaintiffs on behalf of all covered employees. (Compl. ¶ 19.) In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list, inter alia, "all employees for whom contributions are due, the

5

hours worked by employees, the hours for which employees were paid, the gross earnings of employees, and contributions due [to] the funds." (Mot. Default J. ¶ 10.) The completed remittance reports and accompanying contributions are due to the Funds by the twentieth day of the month following the month in which covered employment occurred. (Compl. ¶ 21.)

Defendant has failed to submit timely monthly contributions to the Funds for the month of March 2014.[1] (Shaw Decl. ¶ 9.) Pursuant to the Agreements and under 502(g)(2) of ERISA, plaintiffs are entitled to recover the full amount of the unpaid contributions and various other amounts.

### A. Count I: Contributions Pursuant to ERISA

In Count I of the Complaint, the ERISA Funds (SASMI, NPF, ITI, and SMWIASF) seek relief under ERISA. (Compl. ¶¶ 26-29.) Under ERISA, the ERISA Funds may recover the following: (1) the full amount of unpaid contributions; (2) pre-judgment interest on unpaid or late contributions to be calculated at an annual

---

[1] After the Complaint was filed, defendant reported and paid two of the three months of contributions outstanding at the time of the Complaint. (Shaw Decl. ¶¶ 8-9.) The amounts due and owing at the time of the Motion for Default Judgment reflect only the outstanding submission of reports and payments for the delinquent period, and have been adjusted based upon defendant's late submissions for the months of January and February 2014. (Id.; Mem. Supp. Mot. Def. J. 9.)

6

rate of 8.5 percent; (3) post judgment interest calculated pursuant to 28 U.S.C. § 1961; (4) liquidated damages in an amount equal to the greater of (i) the interest on delinquent contributions, or (ii) 20 percent of the delinquent payments; and (5) attorneys' fees.[2] (Compl. ¶ 24; Mem. Supp. Mot. Default J. 19-20.)  The amounts now due for the ERISA Funds pursuant to ERISA are summarized as follows:

| FUND | CONTRIBUTIONS | INTEREST | LIQUIDATED DAMAGES | TOTAL |
|---|---|---|---|---|
| **NPF** | $431.73 | $59.59 | $270.82 | $762.14 |
| **ITI** | $66.42 | $9.17 | $41.66 | $117.25 |
| **SMWIASF** | $11.07 | $1.53 | $6.94 | $19.54 |
| **SASMI** | $785.97 | $108.46 | $493.02 | $1,387.45 |
| **TOTAL** | **$1,295.19** | **$178.75** | **$812.44** | **$2,286.38** |

(Mem. Supp. Mot. Default J., Ex. 5b.)

**B.   Count II: Contributions Pursuant to the Agreements**

Under Count II of the Complaint, all plaintiffs seek relief pursuant to the terms of their Agreements with defendant. (Compl. ¶¶ 30-33.)  Pursuant to the Agreements, plaintiffs may

---

[2] The amounts due under ERISA are less than the amounts due pursuant to the labor contract and Trust Agreements.  Plaintiffs seek to preserve this claim in the event of any error or defect in any judgment awarded pursuant to the Agreements. (Mem. Supp. Mot. Default J. at 14.)

7

recover the following: (1) the full amount of unpaid contributions; (2) interest on unpaid or late contributions to be calculated at 8.5 percent annually through the date payment is finally made to plaintiffs;[3] (3) liquidated damages;[4] (4) pre-litigation liquidated damages;[5] and (5) attorneys' fees and costs. (Mem. Supp. Mot. Default J. 9-14.)

The amounts due to plaintiffs pursuant to the Agreements are summarized as follows:

| Fund | CONTRIB. | INTEREST | LIQ. DAMAGES | PRE-LIT. LIQ. DAMAGES | TOTAL |
|---|---|---|---|---|---|
| **NPF** | $431.73 | $59.59 | $270.82 | $100.51 | $862.65 |
| **ITI** | $66.42 | $9.17 | $41.66 | $15.46 | $132.71 |
| **NEMIC** | $16.61 | $2.30 | $10.42 | $3.86 | $33.19 |
| **SMOHIT** | $11.07 | $1.53 | $6.94 | $2.58 | $22.12 |

---

[3] The Agreements set an interest rate that is different from the ERISA § 502(g)(2) rate and the statutory default under 28 U.S.C. § 1961. (Mem. Supp. Mot. Default J. at 9-11.)
[4] The Funds have adopted the ERISA rate for contracted liquidated damages - an amount equal to the greater of the interest on delinquent contributions, or twenty percent of the delinquent payments. (Mem. Supp. Mot. Default J. at 12.)
[5] These damages represent delinquencies paid after their due date but before litigation. For the National Funds, they are calculated as the greater of fifty dollars or ten percent of the contributions due for each month of contributions paid after the due date but before any lawsuit is filed. (Mem. Supp. Mot. Default J. at 12-13.) For SASMI, they are calculated as ten percent of contribution amounts paid after the due date but before a lawsuit is filed. (Id.)

8

| **SMWIASF** | $11.07 | $1.53 | $6.94 | $2.58 | $22.12 |
| :---: | --- | --- | --- | --- | --- |
| **SASMI** | $785.97 | $108.46 | $493.02 | $182.97 | $1,570.42 |
| **TOTAL** | **$1,322.87** | **$182.58** | **$829.80** | **$307.96** | **$2,643.21** |

(Mem. Supp. Mot. Default J., Ex. 5a.)

### III. RECOMMENDATION

**A.   Count I: Contributions Pursuant to ERISA**

The undersigned recommends that the ERISA Funds should recover from defendant $1,295.19, the sum of unpaid contributions to SASMI, NPF, ITI, and SMWIASF for March 2014. Plaintiffs should also recover $178.75 in interest calculated at 8.5 percent per annum through July 14, 2014, $812.44 in liquidated damages, and post-judgment interest pursuant to 28 U.S.C. § 1961.

**B.   Count II: Contributions Pursuant to the Agreements**

The undersigned recommends that plaintiffs should recover from defendant $1,322.87, the sum of unpaid contributions to the plaintiff Funds for March 2014, $829.80 in liquidated damages, $307.96 in pre-litigation liquidated damages, and $182.58 in interest accrued at a rate of 8.5 percent per annum through July 14, 2014. The undersigned also recommends that post-judgment interest accrue on these delinquent contributions at a rate of

9

8.5 percent per year through the date payment is finally made to plaintiffs.

## C.   Injunctive Relief

The undersigned further recommends granting plaintiffs' request for injunctive relief requiring defendant to file complete, proper, and timely remittance reports with accompanying contributions for all periods to date.  Within twenty days of the entry of a final order in this matter, defendant shall complete and submit to plaintiffs any and all outstanding remittance reports with all required information. This shall include the name and social security number of each employee, the hours worked, periods with no work (which shall be reported as such), wages paid, and contributions owed for that month, together with a check for the full amount of contributions owed.

## D.   Attorneys' Fees and Costs

Finally, the undersigned recommends that plaintiffs should recover from defendant $2,820.50 in attorneys' fees and $602.94 in costs.

Plaintiffs request attorneys' fees and costs in the amount of $3,423.44.  (Mem. Supp. Mot. Default J., Ex. 9.)  They also request an award of fees associated with the enforcement and

10

collection of this judgment. In support of this request, plaintiffs submitted the Declaration of Matthew S. Hagarty and a time and expense report from Jennings Sigmond P.C. (Id. Exs. 8 and 9.) Counsel's work on this case included such activities as preparing the Complaint, preparing for the Motion for Default Judgment, reviewing documentation, and corresponding with plaintiffs.

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiffs' rights. If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

### E. Conclusion

The undersigned recommends that plaintiffs should recover from defendant a **total of $6,066.65** plus attorneys' fees and costs in the amount of **$3,423.44**. She also recommends that plaintiffs are entitled to the injunctive relief described above.

### IV. NOTICE

The parties are advised that exceptions to this Report and

11

Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at:

    Mike Bevilacqua Sheet Metal, Inc.
    916 Capouse Avenue
    Scranton, PA  18509-2932


                                                  /s/
                              THERESA CARROLL BUCHANAN
                              UNITED STATES MAGISTRATE JUDGE

July 30, 2014
Alexandria, Virginia